IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VIRGIL VICTORY, #649963 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv187 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Virgil Victory, an inmate confined at the Eastham Unit of the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred pursuant to 28 U.S.C. § 636(c).

The present petition concerns a prison disciplinary case for use or possession of tobacco products and violating an act defined as a felony by the laws of the State of Texas, Cause Number 20040344831. The incident occurred on August 4, 2004. The Disciplinary Report and Hearing Record listed the charges as follows:

> On the date and time listed above, and at inside welding shop, Offender: Victory, Virgil, TDCJ-ID No. 00649963, did attempt to provide tobacco products to other offenders by secreting and removing said tobacco products in an arson cylinder, a felony as defined by the laws of the State of Texas, and in violation of Article 38.11, prohibiting such items and substances in correctional facilities in the Texas Penal Code. Offender Victory did possess a tobacco product, namely Bugler tobacco, Wolf Brand Snuff, and tobacco plugs.

The charging officer was Sgt. D. Rains. In the Offense Report, Sgt. Rains stated that the petitioner was observed and recorded by a surveillance camera removing a 3 inch metal cover from the bottom of a Argon gas cylinder to receive tobacco products discovered in the cylinder. There were 233 packages of Bugler smoking tobacco, 120 tobacco plugs, 20 boxes of Wolf Brand Snuff and 8 cigarette lighters. The Disciplinary Report and Hearing Record reveals that the petitioner received formal notification of the charges on August 9, 2004. A disciplinary hearing was conducted on August 16, 2004. At the hearing, the petitioner stated that he never found any bottle and that his

accusers are lying. He denied having any tobacco. He submitted a witness statement from inmate Wesley Dixon indicating that the petitioner did not have any prior knowledge of the tobacco products found inside the maintenance welding shop nor have anything to do with it. His sister also submitted a witness statement. Sgt. Rains testified he observed the petitioner approach the bottle, open it and put it on a table. The Disciplinary Report and Hearing Record reveals that the petitioner was found guilty based on the charging officer's report and testimony. The punishment imposed consisted of the loss of recreation and commissary privileges for 30 days, solitary confinement for 9 days, reduction in classification from S3 to L2 and the loss of 730 days good time.

The present petition was filed on September 12, 2005. The petitioner argued that he is entitled to relief because there was no evidence, he was misidentified on the tape, witness statements were not allowed, denial of witnesses and threats. The Director filed an answer on November 22, 2005. He argued that the complaint about threats was not exhausted and is procedurally defaulted. He argued that the remaining claims lack merit. The petitioner did not file a response.

The first issue for consideration is exhaustion of administrative remedies. A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). Thus the petitioner is not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning a disciplinary case. However, he is required to exhaust the prison grievance procedures before proceeding to federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied*, 448 U.S. 848 (1979). Any claim that is not exhausted is procedurally defaulted unless the petitioner shows cause and prejudice for such failure or a fundamental miscarriage of justice. *Moffatt v. Director, TDCJ-CID*, 390 F.Supp.2d 560 (E.D. Tex. 2005).

The records submitted in this case support the Director's assertion that the petitioner did not exhaust his administrative remedies regarding the claim he was threatened by the disciplinary hearing officer and Warden Stacks. The petitioner did not respond to the Director's claim. He did not show cause and prejudice for failing to exhaust the threat claim nor a fundamental miscarriage, thus the claim is procedurally defaulted.

With respect to the remaining grounds for relief, the Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. The availability of relief has been limited to the failure to provide these rights to a prisoner.

The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, the petitioner is not entitled to habeas corpus relief to the extent that he lost commissary privileges, received cell restrictions, had a reduction in classification or was placed in solitary confinement. On the other hand, he also lost good time. The Director conceded that the petitioner is eligible for release on mandatory supervision, thus the petitioner is entitled to have his disciplinary case evaluated in light of *Wolff v. McDonnell*.

The petitioner alleged that he was not allowed to submit witness statements or have testimony from witnesses. He asserted that he was found guilty just because he was in his assigned work area with three other offenders when everyone was handcuffed. The other inmates were eventually released with no charges. He complains that they were not allowed to speak as witnesses at his hearing. Moreover, two statements from inmate witnesses Wesley Dixon and Duanne Perry purportedly were not admitted into evidence. The record, however, reveals that counsel substitute read a statement into the record from Dixon and the petitioner's sister. Counsel substitute discussed a statement from Perry but did not attempt to introduce it into the record. The record clearly reveals that the petitioner was permitted to submit evidence from witnesses in his behalf as submitted by counsel substitute. There is nothing in the record supporting the claim that the petitioner's witnesses were rejected. The petitioner has offered nothing other than conclusory allegations and bald

assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988).

The petitioner's remaining grounds for relief concern the sufficiency of the evidence. He asserted that there was no evidence supporting the claims against him and that he was found guilty only by suspicion of guilt through association. He also argued that he was misidentified. Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). In the present case, the charging officer placed the petitioner at the scene of the offense. He identified the petitioner and noted that he observed him by surveillance camera. The charging officer also testified that the petitioner was present during the unloading of the tobacco. It is further noted that the petitioner acknowledged that he was present, but he denied being involved. The charging officer provided evidence that the petitioner was one of the inmates who was involved when the tobacco was being stored illegally. The dispositive factor is that Sgt. Rains provided at least some evidence to support the finding of guilt.

In conclusion, the state records reveal that the petitioner was accorded all of his due process rights. He has not shown that he is entitled to federal habeas corpus relief. It is accordingly

**ORDERED** that the petition is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions by either party not previously ruled on are **DENIED**.

**SIGNED** this **13** day of **December, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE